IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DEANNA GREER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No: _____<br>) **JURY DEMANDED** |
| EVERIDGE, INC., *d/b/a* CROWN TONKA and *f/k/a* CROWN TONKA WALK-INS, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff Deanna Greer and for her Complaint against the Defendant Everidge, Inc., would state the following:

### PARTIES

1) Plaintiff is a female resident of Greene County, Tennessee, currently residing at 1030 McMillan Road, Midway, Tennessee 37809, and was a temporary employee with Defendant from May 23, 2016 through September 4, 2016. On September 5, 2016, Plaintiff became a permanent employee with the Defendant until her employment was terminated on June 26, 2018.

2) At all times material, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000 *et seq.,* was Everidge, Inc., doing business as Crown Tonka and formerly known as Crown Tonka Walk-Ins, and located at 140 T. Elmer Cox Road, Greeneville, Tennessee 37743.

1.

## JURISDICTION AND VENUE

3) This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* Venue of this matter is proper in this district pursuant to 42 U.S.C. §2000e-5(f). The jurisdiction of the Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

4) At all times material herein, Defendant was an employer engaged in an industry affecting interstate commerce and employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year, and is an employer as defined in 42 U.S.C. §2000e(b).

5) Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discrimination, alleging violations of Title VII of the Civil Rights Acts of 1964, including allegations of sexual harassment.

6) The EEOC attempted conciliation between the parties without success.

7) On September 27, 2018, Deborah Walker, Area Director, EEOC, issued a Determination that evidence showed that Plaintiff Deanna Greer was subjected to unwelcome harassment by her co-worker, that unwelcome sexual comments and conduct were sufficiently severe and pervasive to create a hostile work environment, and that Defendant was aware of the harassment and took insufficient action to prevent it from happening again.

8) A Notice of Right to Sue was issued by EEOC on August 6, 2019, a copy of which is attached as Exhibit A.

9) This action has been filed timely within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

2.

## FACTS

10) Plaintiff began working at Defendant's facility in Greeneville, Tennessee, on May 23, 2016 as a temporary employee.

11) On September 5, 2016, Plaintiff became a permanent employee with Defendant.

12) Beginning in June 2016 and continuing through February 2018 Plaintiff was subjected to repeated offensive and unwelcome comments, conduct and touching by co-worker Greg Hillyer and other co-workers.

13) Hillyer stared at Plaintiff and made comments about Plaintiff's "perky breasts" and "nice ass."

14) Hillyer said to Plaintiff "come on baby, you know you want it" while he gestured with his hand on his crotch.

15) Hillyer blew up Plaintiff's shirt with an air nozzle in front of other employees.

16) Hillyer smacked Plaintiff on the rear with a piece of styrofoam.

17) Hillyer yelled across the plant for everyone present to hear "look at her titties, nothing sexier than a sweaty pair of titties."

18) Scotty Shelton forced Plaintiff's head into Hillyer's crotch, followed by a comment by Shelton that "that's a true dickhead there," while others looked on and laughed.

19) Hillyer, Jason Olsen and other co-workers intentionally frightened Plaintiff with a dead rat.

20) A styrofoam model of genitalia was displayed in the workplace.

21) Hillyer touched Plaintiff with a tape measure between her legs up to her crotch.

22) Hillyer repeatedly poked Plaintiff's breasts and rear with a scraper affixed to a long pole.

3.

23) Hillyer pinched Plaintiff's nipple.

24) While Plaintiff was on break, Hillyer pointed at Plaintiff's rear and said in front of three other employees "she's got a nice, sexy ass and she knows it."

25) In the parking lot at work Greg Hillyer yelled to Plaintiff that she needed to get a sexy Mrs. Santa suit and give him a present he'd never forget.

26) Hillyer sent to Plaintiff electronic images of his penis on three separate occasions.

27) Hillyer repeatedly called and sent messages on Facebook messenger to Plaintiff telling her she looked sexy, requesting that she go to bed with him and telling her that he loved her.

28) Plaintiff requested that Hillyer stop his words and actions toward her because she found it disrespectful, abusive and humiliating, and he responded with "you know you like it when I talk to you like that."

29) Plaintiff complained to Defendant's supervisors and management about the offensive and unwelcome harassment by co-workers, especially Hillyer's conduct, in accordance with Defendant's policies.

30) On information and belief, other co-workers complained to supervisors and management about the harassment to which Plaintiff was subjected.

31) Some of Defendant's supervisors, including Joe Booth and Mike Aubin, witnessed the harassment of Plaintiff.

32) At all material times and events alleged herein, Defendant had in place a Harassment Free Workplace Policy which included prohibitions against harassment relating to an individual's sex.

4.

33) The policy defined harassment as including offensive remarks, comments, verbal conduct pertaining to an individual's sex, offensive photographs, figurines or other graphic images, including e-mails pertaining to an individual's sex; offensive sexual remarks, sexual advances and requests for sexual favors; and offensive physical conduct, including touching and gestures.

34) Defendant's policy purported to make discipline mandatory for violation of the policy, up to and including immediate termination.

35) Despite repeated known violations of Defendant's stated policy which created a hostile work environment, as prohibited under the law, Defendant undertook insufficient action to deter further harassment of Plaintiff.

36) In December 2016, supervisor Joe Booth failed to follow through on reports of sexual harassment to which Plaintiff was subjected, neglecting to notify Defendant's Human Resources department as required by Defendant's own sexual harassment policy.

37) Greg Hillyer, despite repeated acts of sexual harassment, remained an employee of Defendant until recently.

38) Because of Defendant's discriminatory conduct in allowing sexual harassment to continue subjecting Plaintiff to a hostile work environment, Plaintiff has suffered and continues to suffer emotional distress, anxiety, depression and panic attacks.

39) The anxiety, depression and panic attacks required medical treatment and associated medical expenses and resulted in disability that caused Plaintiff to obtain leave from work in 2018.

40) On or about June 26, 2018, because Plaintiff required leave in excess of the amount of leave available under the Family Medical Leave Act (FMLA), Defendant terminated Plaintiff's employment.

5.

41) Plaintiff's medical conditions, need for leave, and termination were caused by being subjected to sexual harassment, the creating of a hostile work environment and Defendant's failure to take sufficient action to prevent further sexual harassment and remedy the hostile work environment.

## SEXUAL HARASSMENT OF PLAINTIFF DEANNA GREER

42) Plaintiff incorporates as if fully restated all of the allegations previously written.

43) During the course of Plaintiff's employment with Defendant, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

44) Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant which was perpetrated by Greg Hillyer and other co-workers, and this conduct was based upon and directed at Plaintiff by reason of her gender.

45) Plaintiff reported the harassing conduct to Defendant employer, which was otherwise aware, of the sexually harassing and discriminatory conduct, but Defendant failed to take sufficient corrective action to prevent further harassment.

46) The offensive sexually harassing and discriminatory conduct was sufficiently severe and/or pervasive so as to unreasonably interfere with Plaintiff's emotional health and work performance thereby altering the terms and conditions of her employment and creating an intimidating and hostile work environment.

6.

47) Defendant's agents were aware of the sexual harassment and hostile work environment and acquiesced in the environment. Defendant's management was notified by complaints from Plaintiff's co-workers of the sexually harassing conduct toward Plaintiff, yet insufficient action was taken to change the hostile work environment.

48) Defendant, grossly negligent through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees and supervisors as described above.

49) Defendant willfully and wantonly failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

50) As a direct and proximate result of the sexual harassing and hostile work environment Plaintiff suffered great embarrassment, humiliation and mental anguish as well as incurring medical expenses and loss of employment and work capacity.

51) As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

**WHEREFORE,** Plaintiff Deanna Greer demands judgment against the Defendant in an amount which will compensate her for:

1) Violation of her rights under Title VII of the Civil Rights Act of 1964;
2) Lost wages and benefits, past and future and/or impairment to earn money;
3) Compensatory damages for emotional distress and humiliation and embarrassment, past and future, and past and future medical expenses;

7.

4) Punitive damages to punish the Defendant for its willful and wanton, oppressive, malicious, and/or grossly negligent conduct;

5) A permanent injunction against future acts of discrimination and harassment;

6) Trial by jury on all issues triable;

7) Costs expended herein, including reasonable attorneys' fees;

8) Pre-judgment and post-judgment interest; and

9) Any and all other relief to which she may be entitled.

Respectfully submitted,

s/Garry Ferraris
Garry Ferraris (BPR#016086)
Attorney for Plaintiff
800 S. Gay Street, Suite 650
Knoxville, TN 37929
(865)584-7720

8.